DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2000 OCT 18   A II: 51

)
ROBERT KANE, Individually and On        )
Behalf of All Other Persons             )
Similarly Situated,                     )
                                        )
                    Plaintiff,          )   C. A. No. 2000-
                                        )
        v.                              )
                                        )
GAGE MERCHANDISING SERVICES, INC., )
AHL SERVICES, INC., and                 )
ARGENBRIGHT, INC.,                      )
                                        )
                    Defendants.         )
                                        )



00-40185-NMG

FILED
IN OFFICE

DOCKETED

## COMPLAINT

1.   Since the passage of the Fair Labor Standards Act of 1938 (29 U.S.C.
§201, et. seq.) (the "FLSA"), it has been the public policy of the United States, and legally
required by 29 U.S.C §207(a), that an employee who works more than forty hours in a
workweek be paid ". . . at a rate not less than one and one-half times the regular rate at which
he is employed" (29 U.S.C. §207(a)(1)).

2.   Defendants have since at least 1997 intentionally violated federal law by
failing to pay persons employed by them as "co-ordinators" time and one-half their regular
rates of pay for hours worked within a workweek in excess of forty hours.

3.   This Complaint is brought by plaintiff pursuant to 29 U.S.C. §216(b) on his
own behalf and on behalf of all persons who are or have been employed by defendants
anywhere in the United States as co-ordinators who have not been paid overtime owed to
them during the period from October 17, 1997 to the present (the "Class Period"). Plaintiff
and all such similarly situated persons are hereinafter referred to jointly as the "class" or "the
members of the Class."

RECEIPT # ___40 3203___
AMOUNT $ ___150 00___
SUMMONS ISS. ___3___
LOCAL RULE 4.1 ___✓___
WAIVER OF SERV. ___✓___
MCF ISSUED ___✓___
AO 120 OR 121 ___
BY DPTY CLK ___SS___
DATE ___10-18-00___

1

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

5.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b). Plaintiff is a resident of Massachusetts, and defendants conduct business at various locations in this district. In addition, a substantial part of the events and omissions giving rise to plaintiff's claims occurred in this district.

6.     Defendants are engaged in interstate commerce.

## PARTIES

7.     Plaintiff is a resident of Auburn, Massachusetts. Between March of 1991 and December of 1999, he was employed as a co-ordinator by Professional Inventory Management and Merchandising Systems ("PIMMS").

8.     On information and belief, in or around December of 1999, PIMMS was acquired by defendant AHL Services, Inc. ("AHL"). PIMMS thereafter changed its name to Gage Merchandising Services, Inc. ("Gage") and, on information and belief, became a division of AHL.

9.     Since early in 2000, plaintiff has been employed by defendant Gage as a co-ordinator. He has been paid for the services he renders to Gage by defendant Argenbright, Inc. ("Argenbright").

10.    Between October 17, 1997 and the present, defendant Gage transacted business in Massachusetts within this district under both its own name and the name PIMMS.

11.    Since at least January of 2000, AHL and Argenbright have conducted business in Massachusetts within this district.

12.    Defendants are "joint employers" of the plaintiff and the members of the Class pursuant to 29 C.F.R. ch. V, §791.2.

13.    During the Class Period, defendants engaged in the business of performing merchandising services for corporate clients in Massachusetts and across the nation. Merchandising layout plans for retail stores operated by such clients (known as "Plan-O-Grams") are developed by defendants and the clients, and defendants then send a team of their employees to the clients' retail locations to implement the plans. Since at least 1997, one of the defendants' clients has been CVS Corporation of Woonsocket, Rhode Island.

14.    On information and belief, defendants carry out the same or substantially similar business activities for other clients throughout the United States.

15.    The team of employees sent by defendants to their clients' premises to implement the merchandising layout plan is headed by a co-ordinator. It is the co-ordinator's job to supervise the team in the execution of its duties on the client's premises.

16.    Co-ordinators are not salaried. They are paid by the hour at various hourly rates for the services which they render to the defendants. Co-ordinators are frequently required to travel substantial distances (and to spend nights) away from their home communities in order to carry out their duties. As a general matter, except in instances where extremely long distances are required to be traveled, the co-ordinators are expected to drive their own vehicles to their work assignments in areas distant from their homes. Thus, for example, plaintiff has frequently been assigned to perform services for the defendants in retail establishments maintained by CVS in or around the Greater New York City area. In such instances, plaintiff has been required to drive his own vehicle to the work site assigned by the defendants and to spend nights away from home in order to perform his

3

work assignment.  Plaintiff understands and believes that the defendants have imposed similar requirements upon the other members of the Class.

17.    Plaintiff and the members of the Class frequently work in excess of forty hours per week.

18.    During the Class Period, defendants have not paid the plaintiff and the members of the Class  time and one-half their regular hourly rates for all hours in excess of forty which they work in any workweek.

19.    Defendants have knowingly and falsely represented to plaintiff and the members of the Class that the FLSA and the Regulations promulgated by the United States Department of Labor thereunder allow defendants to compensate the Plaintiff and the Class members for certain unpaid overtime hours by giving them compensatory time off in lieu of overtime compensation owed to them, even though 29 U.S.C. Sec. 207 allows such practices only by public agencies.

20.    Plaintiff has been told by Peter Zaniewski, the Gage area manager for the CVS contract, that the defendants are operating in violation of the law to the extent that they fail to pay plaintiff and other co-ordinators one and one-half times their regular hourly rates for all hours worked by them over forty in any week.  Mr. Zaniewski has stated to plaintiff that he is aware that the law requires plaintiff and other co-ordinators to be paid time and one-half their regular hourly rates for all hours worked over forty in any week but that defendants are unwilling to do so because their client, CVS, was unwilling to pay them for such overtime hours.

21.    On information and belief, during the Class Period the duties and business activities of other Class members employed by defendants as co-ordinators

4

throughout the country have been essentially the same as the duties and activities of the plaintiff described above; at all such times, other co-ordinators have been employed and paid in the same manner and the same standard employment procedures and practices that governed the employment of the plaintiff. The experience of the plaintiff set forth above is typical of the experience of other past and present co-ordinators and members of the Class employed by the defendants during the Class Period.

22.     During the Class Period, defendants knew that the FLSA was applicable to their employment practices regarding the plaintiff and all other similarly situated co-ordinators throughout the country. Defendants also have been fully aware that because they are paid on an hourly basis the plaintiff and such other co-ordinators were not exempt from the overtime provisions of the FLSA and that such overtime requirements cannot legally be met by offering compensatory time off to such persons.

23.  By their conduct, as set forth herein, the defendants violated 29 U.S.C. §207(a) by failing to pay their co-ordinators time and one-half their regular hourly rates for hours worked in excess of forty hours during a workweek.

24.     The defendants' violations of 29 U.S.C. §207(a) were repeated, willful and intentional. Defendants will continue to violate that statute in the future unless enjoined by this Court.

25.     The plaintiff and the members of the Class have been damaged by said violations of 29 U.S.C. §207(a).

26.     Pursuant to 29 U.S.C. §207(a) and §216(b), defendants are jointly and severally liable to the plaintiff and the members of the Class for the full amount of all their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the attorneys fees and costs of the plaintiff and such Class.

5

27.    While the exact number of members of the Class is unknown to plaintiff at the present time, plaintiff believes that there may be more than one hundred similarly situated persons who are or have been employed by defendants as co-ordinators since October 17, 1997.

28.    Plaintiff's claims are typical of the claims of the other members of the Class in that he, like all such Class Members, sustained damages arising out of defendants' concerted and intentional conduct designed to avoid paying their co-ordinators time and one-half for hours worked in excess of forty hours during a workweek.

29.    Plaintiff has retained counsel competent and experienced in class action litigation.

30.    An action under 29 U.S.C. §216(b) is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered by individual members of the Class may be relatively small, and the expense and burden of individual litigation would make it impossible for such Class Members individually to redress the wrongs done to them.

31.    Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting solely individual members.  Among the common questions of law and fact are:

a.    whether the defendants have violated and continue to violate 29 U.S.C. §207(a), as alleged herein; and

b.    whether the defendants' conduct constitutes willful violations of the FLSA, thereby extending the Statute of Limitations applicable to this action under the Fair Labor Standards Act to three years, pursuant to 29 U.S.C. §255(a) and entitling the plaintiff and the members of the Class to double (liquidated) damages under 29 U.S.C. §216(b).

32.     Annexed hereto as Exhibit 1 is a written consent to the filing of this Complaint duly executed by the plaintiff pursuant to 29 U.S.C. §216(b). Because plaintiff is currently unaware of the identities of all the members of the Class, the defendants should be required to provide to the plaintiff a list of all persons employed by defendants as co-ordinators since October 17, 1997, stating their last known addresses, telephone numbers, and Social Security numbers, so that plaintiff can give such Class Members notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

WHEREFORE, the plaintiff respectfully requests that the Court:

A     Declare this action to be maintainable pursuant to 29 U.S.C. §216(b), and direct the defendants to provide to the plaintiff a list of all persons employed by them as co-ordinators between October 17, 1997 and the present, including the last known address, telephone number and Social Security number of each such person, so that plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B.     Determine the damages sustained by the plaintiff and the members of the Class as a result of defendants' violations of 29 U.S.C. §207(a), and award those damages against the defendants, jointly and severally, and in favor of plaintiff and all members of the Class, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), plus such pre-judgment interest as may be allowed by law;

C.     Award equitable and/or injunctive relief as permitted by law, including an injunction enjoining the defendants from continuing to violate the FLSA;

D.     Award plaintiff and the members of the Class their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees; and

E.      Grant plaintiff and the members of the  Class such other and further relief as

the Court may deem just and proper.

PLAINTIFF DEMANDS A
TRIAL BY JURY ON
ALL CLAIMS SO TRIABLE

Submitted  by  the  attorneys  for  the  Plaintiff
and the Class,

Thomas V. Urmy, Jr. (BBO# 506620)
Christine E. Morin (BBO# 600237)
Todd Heyman (BBO # 643804)
Shapiro Haber & Urmy LLP
75 State Street
Boston, MA 02109
(617) 439-3939

8





UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT KANE, Individually and On Behalf of All Other Persons Similarly Situated, ) ) ) ) ) | |
| Plaintiff, ) ) | C. A. No. 2000- |
| v. ) ) | |
| GAGE MERCHANDISING SERVICES, AHL SERVICES, INC., and ARGENBRIGHT, INC., ) ) ) ) | |
| Defendants. ) ) | |

Pursuant to 29 U.S.C. §216(b), I consent to act as a plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

Dated: October 12, 2000

_____
Robert Kane