...... COURT
..... OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2001 JAN 16  P 1: 19

ROBERT KANE, Individually and On )
Behalf of All Other Persons )           ..... OFFICE
Similarly Situated, )
                                       )
                     Plaintiff, )       C. A. No.00-40185
                                       )
          v. )
                                       )
GAGE MERCHANDISING SERVICES, INC., )
AHL SERVICES, INC., and )
ARGENBRIGHT, INC., )
                                       )
                     Defendants. )
                                       )

**PLAINTIFF'S EMERGENCY MOTION FOR ORDERS
(1) DIRECTING DEFENDANTS TO PROVIDE PLAINTIFF
WITH THE NAMES AND ADDRESSES OF ALL PUTATIVE
CLASS MEMBERS AND (2) AUTHORIZING PLAINTIFF'S
COUNSEL TO ADVISE SUCH CLASS MEMBERS OF THE
PENDENCY OF THIS ACTION AND THEIR OPPORTUNITY
TO PARTICIPATE IN IT**

For the reasons set forth below, plaintiff respectfully moves this Court upon the

Complaint in this action and the Affidavit of Robert Kane dated January 11, 2001, and

pursuant to 29 U.S.C. §216(b), Fed. R. Civ. P. 7(b) and 7(e) and Local Rule 40.4 of this

Court, that orders enter

(1)      Requiring that within ten days following disposition of this motion defendants

must provide plaintiff with the names and last known mailing and e-mail addresses of each



person employed by any of them as a Coordinator between October 18, 1997 and the present, and

(2)    Authorizing the plaintiff to send to each such Class member the Notice annexed hereto as Exhibit 1 or such other form of Notice as may be approved by the Court. In support of this motion, the plaintiff states:

1.    This is an action pursuant to the Fair Labor Standards Act, 29 U.S.C. 207, *et sec.* ("FLSA"), in which plaintiff Robert Kane seeks to recover unpaid overtime compensation owed by the defendants to him and a number of similarly situated individuals  (the "Class") who were employed by defendants as "Coordinators" between October 18, 1997 and the date of resolution of this action (the "Class Period").    The Complaint (Exhibit 2 hereto) was filed on October 18, 2000. Defendants' Answer was filed on November 27, 2000.

2.    The FLSA specifically provides at 29 U.S.C. 216(b) that any employer who fails to pay its employees unpaid overtime compensation required by the statute

> shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, . . . and an additional equal amount as liquidated damages.

The statute provides a private right of action to recover such damages:

> An action to recover the liability [quoted above] may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for or in behalf of himself or themselves and other employees similarly situated. *Id.*

2

3.  Notwithstanding that one employee may bring a representative action on behalf of others, the statute requires that both the individual plaintiff and any person on whose behalf he purports to bring the action must file with the Court a written consent that the action may proceed on his behalf:

> No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the Court in which such action is brought. *Id.*

4.  29 U.S.C. 255(a) requires that an action seeking unpaid overtime compensation and liquidated damages be commenced within two years after the cause of action accrued, or — where the action arises out of a willful violation of the statute — within three years after the cause of action accrued. A cause of action accrues, and thus the limitation period begins to run, at each regular payday immediately following the work period during which services were rendered, and for which compensation is claimed. *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041 (5th Cir. 1973), *cert. denied*, 414 U.S. 822 (1973); *Dunlop v. Rhode Island*, 398 F.Supp. 1269, 1286 (D.R.I. 1975); *Mitchell v. Lancaster Milk Co.*, 185 F.Supp. 66 (D.Pa. 1960); *Shandelman v. Schuman*, 92 F.Supp. 334 (D.Pa. 1950). Thus, in actions for continuing violations based on underpayment of wages, recovery is limited to the amount of underpayment in the past two or three years preceding the filing of the employee's Complaint or Consent, depending on whether the employer's conduct was willful. *See Reich v. Newspapers of New England, Inc.*, 44 F.3d 1060, 1079 (1st Cir. 1995).

5.   In *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989), the Supreme Court construed the enforcement provisions of the FLSA quoted above.[1]  The Court observed that a collective action authorized by §216(b) "allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources.  The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."  493 U.S. 170.  It then went on to point out that

> **These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.** *Id.* (emphasis added.)

6.   The Court found that district courts' involvement in the process of giving notice to absent Class members "is inevitable in cases with numerous plaintiffs where written consent is required by the statute" and held that it was "within the discretion of the district court to begin its involvement early, at the point of the initial notice, rather than at some later time."  Pointing out that "court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action," the Court held that a district court should take such actions as it deemed appropriate to ensure that "the broad remedial goal of the statute . . . be enforced to the full extent of its terms."  *Id.* at 171.

---

[1]  *Hoffman v. LaRoche* involved the Age Discrimination In Employment Act of 1967.  However, that statute explicitly incorporates the FLSA enforcement provisions contained in 29 U.S.C. 16(b).

7.     In *Reeves v. Alliant Tech Systems, Inc.*, 77 F.Supp.2d 242 (D.R.I. 1999), the Court

discussed the procedure to be followed in determining whether and how to authorize

the promulgation of class notice in FLSA actions: "The threshold issue in deciding

whether to authorize class notice in a FLSA action is whether plaintiffs have

demonstrated that potential class members are 'similarly situated.'" Pointing out that

neither the FLSA, its regulations nor the First Circuit have set out a standard for

determining whether plaintiffs are similarly situated, the Court followed several

decisions where the courts "have utilized a two-tiered approach to certification

determinations under §216(b)." 77 F.Supp.2d at 246.

> Under this two-tiered analysis, the trial court must first
> determine whether notice of the action should be given to
> potential class members. *See Thiessen v. General Elec. Capital
> Corp.*, 996 F.Supp. 1071, 1080 (D.Kan. 1998). . . . **This
> preliminary pronouncement is "usually based only on the
> pleadings and any affidavits that have been submitted"
> during the initial stages of litigation.** *Mooney v. Aramco
> Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). Because the
> court has minimal evidence at the "notice stage," this
> determination "is made using a fairly lenient standard and
> typically results in 'conditional certification' of a representative
> class." (emphasis added.) *Id.*

The Court went on to point out that "courts have held that plaintiffs can meet this

burden by simply alleging 'that the putative class members were together the victims

of a single decision, policy or plan' that violated the law." 77 F.Supp.2d at 247. *See

also Mooney*, *supra*, at 1214, n.8.

8.    Here, ¶¶13 through 19 and 21 of the Complaint allege that during the Class Period defendants were engaged in the business of performing merchandising services for corporate clients in Massachusetts and elsewhere in the country, as follows:

A.    Merchandising layout plans for retail stores are developed by defendants and their clients and the defendants send a team of their employees to the client retail locations to implement the plans (Complaint, ¶13);

B.    Defendants carry out the same or substantially similar business activities for clients throughout the United States; the team of employees sent by defendants to their clients' premises to implement the merchandising layout plans is headed by a "Coordinator" whose responsibility is to supervise the team in the execution of its duties at the clients' premises (Complaint, ¶¶14, 15);

C.    Coordinators are not salaried but instead are paid by the hour for the services they render to the defendants. Coordinators are frequently required to travel substantial distances from their homes and to spend nights away from their home communities in order to carry out their duties. Plaintiff and the members of the Class frequently work in excess of 40 hours per week (Complaint, ¶¶16, 17);

D.    During the Class Period plaintiff and the members of the Class have not been paid any wages for hours worked by them in excess of 40 in any week and that defendants have therefore violated the FLSA. The defendants have repre-sented, contrary to law, that defendants may compensate the plaintiff and the

6

other Coordinators for certain unpaid overtime hours by offering them compensatory time for which they are paid at their regular rates for hours when they are not required to be at work (Complaint, ¶19); and

E.   The duties and business activities of the other Class members employed by the defendants as Coordinators are essentially the same as those of the plaintiff which are described in the Complaint; all such Coordinators are employed and paid in the same manner and pursuant to the same procedures that cover the plaintiff's employment.   Thus, plaintiff's experience is typical of the experience of other past and present Coordinators who are members of the Class (Complaint, ¶21).

9.   In his Affidavit submitted in support of this Motion, the plaintiff repeats the substance of those allegations under oath.

10.   In their Answer, defendants admit that they have performed merchandising services for clients during the Class period (Answer, ¶13), that defendants Argenbright and Gage carry on the same and similar business activities for clients throughout the United States and that the team of employees sent by defendants Argenbright and Gage to their clients' premises to implement merchandising layout plans are all headed by Coordinators whose job it is to supervise the team in the execution of its duties (Answer, ¶15). They admit that they have not paid the plaintiff any wages for hours worked by him in excess of 40 in any week.

11. Here, the timing of the notice given to putative Class members is of great significance, in light of the statutes of limitations referred to above. The Complaint alleges that the defendants willfully failed to pay overtime compensation owed to the plaintiff and the members of the Class. If that allegation is proved, the plaintiff (and any other Class members who file Consents) are entitled to recover all unpaid overtime pay owed to them from a date beginning three years prior to the filing of the Complaint (or their Consents) until the date liability is ultimately determined. However, until the absent Class members file Consents to proceed as plaintiffs in the action, the statute of limitations is running against them, on a weekly basis. *See generally Dunlop*, 398 F.Supp. at 1284-1286 (discussing differences between collective and individual actions under FLSA with respect to when actions commence for statute of limitations purposes). Therefore, claims of absent Class members which accrued between October 18, 1997 (the date three years prior to the filing of the plaintiff's Complaint) and three years prior to the present time have already been barred by the statute of limitations.

12. Perhaps most importantly, Class members will remain unaware of the availability of this cost-effective means of enforcing their rights until they receive notice of this action. The benefits of collective actions under the FLSA identified by the Supreme Court – the pooling of resources to lower individual costs – could very well play a decisive role in whether a Class member chooses to enforce his or her rights under the FLSA. Class members should be made aware of this avenue of enforcement as soon

8

as possible so as not to prejudice their right to recover for the defendants' long standing practice of failing to pay overtime.

13.    Defendants' Answer was served November 27, 2000. Recognizing that certain claims of absent Class members were being barred on a weekly basis, plaintiff's counsel wrote defendants' counsel on December 1, 2000, requesting that defendants provide plaintiff with the names and last known addresses of all the Class members, so that "we will be able to provide prompt notice to all persons whom the plaintiff seeks to represent in this action of the pendency and nature of the case so that they will have an opportunity to file their Consents that the action may be prosecuted on their behalf pursuant to 29 U.S.C. 216(b)" (*see* Exhibit 3 hereto).    Twelve days later, on December 13, 2000, plaintiff's counsel again wrote defendants' counsel, this time to request that the parties schedule the conference required by Fed. R. Civ. P. 26(f) and Local Rule 16.1(b). Until that conference is held, no discovery of the Class members' names and addresses (among other things) could commence. Plaintiff's counsel suggested eight specific dates for the conference (*see* Exhibit 4 hereto).

14.    When they received no response to either of the foregoing letters, plaintiff's counsel then requested that the plaintiff himself attempt to put together a list containing as many of the names and addresses of Class members as he was able to identify, so that any delay attendant on awaiting the delivery of a list of names and addresses by defendants would be minimized (Kane Affidavit, ¶5). Further to that request, plaintiff e-mailed a number of employees of the defendants whom he believed to be members

of the Class, requesting that they provide him with their names and addresses so that plaintiff's counsel would be in a position to provide them with notice at the appropriate time (*Id.*).

15.    Defendants' counsel finally responded to the two letters sent to them by plaintiff's counsel, by letter dated January 5, 2001 (Exhibit 5 hereto). In that letter defendants did not respond to plaintiff's request that the defendants provide a list of names and addresses of the absent Class members. However, defendants did state that they were not prepared voluntarily to schedule the Rule 26(f) conference until after this Court had set a date for the Rule 16 scheduling conference. They also stated that they would object to any Notice being given to Class members unless authorized by the Court. By taking these positions, defendants have insured that unless the Court intervenes, the clock will continue to run against claims of absent Class members.

16.    In this motion, plaintiff seeks an order (1) directing the defendants forthwith to provide him with the names and addresses of all the Class members and (2) authorizing him to send to such absent Class members the form of Notice annexed hereto as Exhibit 1, or such other form of Notice as may be prescribed by the Court. Unless and until such Notice is received by the members of the Class, they may be unaware of the pendency of the action or that the passage of time is operating to deprive them of rights which are secured to them by the statute. Because it has now become clear from the January 5, 2001 letter of defendants' counsel that defendants have no intention of providing plaintiff with a list of the Class members until required

10

to do so by the Court, and because the rights of Class members are being barred with each passing day, this Motion is brought as an emergency motion pursuant to Rule 40.4(a)(1) of the Local Rules of this Court.

WHEREFORE, plaintiff respectfully requests that orders enter

(1)    Requiring that within ten days following disposition of this motion defendants must provide plaintiff with the names and last known mailing and e-mail addresses of each person employed by any of them as a Coordinator at any time between October 18, 1997 and the present, and

(2)    Authorizing the plaintiff to send to each such Class member the Notice annexed hereto as Exhibit 1 or such other form of Notice as may be approved by the Court.

Submitted by the attorneys for the Plaintiff and the Class,

Thomas V. Urmy, Jr. (BBO# 506620)
Christine E. Morin (BBO# 600237)
Todd Heyman (BBO # 643804)
Shapiro Haber & Urmy LLP
75 State Street
Boston, MA 02109
(617) 439-3939

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE
DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD
FOR EACH OTHER PARTY BY MAIL, HAND, FAX ON 1/12/01

11





# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Theodore M. Hess-Mahan
Christine E. Morin
Todd S. Heyman

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
turmy@shulaw.com

January __, 2001

To Persons Now or Formerly Employed as
Coordinators by Professional Inventory Management
& Merchandising Systems, Inc.; Gage Merchandising
Services, Inc., or Argenbright, Inc.

As you may be aware, Federal law requires that unless specifically exempted, all persons who work more than 40 hours in any workweek must be paid at a rate not less than one and one-half times their regular rates of pay for each overtime hour worked. If an employer fails to pay overtime owed to its employees, the employees may bring suit in Federal court to recover two times the amount of unpaid overtime wages owed by the employer.

This firm represents Robert Kane, of Auburn, Massachusetts, who has been employed for a number of years as a Coordinator by Professional Inventory Management & Merchandising Systems ("PIMMS") and, since December of 1999, when it acquired PIMMS, by Gage Merchandising Services, Inc. ("Gage") and its parent corporation, Argenbright, Inc. ("Argenbright"). During the period of his employment, Mr. Kane has not been paid overtime for hours worked in excess of 40 in any week.

We understand from Mr. Kane that his experience is typical of the experience of other Coordinators employed by PIMMS, Gage or Argenbright over at least the last three years, and that during that period the nature of the work performed by all the coordinators throughout the system has been essentially the same. Based on information provided by Mr. Kane, it is our opinion that he and the other Coordinators employed by PIMMS, Gage and Argenbright are not exempt and are entitled to overtime pay.

In October of last year, this firm brought suit against Gage and Argenbright in the United States District Court in Boston, seeking damages in an amount equal

SHAPIRO HABER & URMY LLP

January __, 2001
Page 2


to double the unpaid overtime wages owed to Mr. Kane for the three-year period preceding the filing of the lawsuit. A copy of the Complaint in Mr. Kane's suit is enclosed.

Under the statute, Mr. Kane is entitled to bring suit for violation of the Federal overtime laws both on his own behalf and on behalf of all other persons similarly employed by the same employer. The lawsuit which this firm filed on behalf of Mr. Kane seeks recovery for him and for all other similarly situated Coordinators. However, the law requires that before any person may recover damages in the case, he or she must sign and file with the Court a Consent that the lawsuit may proceed on his or her behalf. Once that Consent has been filed, the employees other than the plaintiff (in this case, Mr. Kane) need do nothing further to ensure that their rights are protected.

The purpose of this communication is to advise you of the existence of the lawsuit so that you will be able to make a determination whether you wish to join in it by filing a Consent.

Federal law prohibits employers from retaliating against employees in any way because of their decision to enforce their rights to recover overtime pay which the employer has wrongfully failed to pay. Thus, you need not fear that by joining the lawsuit you will prejudice your employment position with Gage or Argenbright.

You also need not be concerned that you will incur any expense if you join in the case. If you decide to participate in the case, you will have no responsibility to pay any legal fees or to reimburse any of our expenses except, possibly, out of whatever recovery we may obtain.

The law provides for two-year or three-year statutes of limitations, depending on what facts are proved at trial. That means that if we are successful in the case you will recover unpaid overtime owed on account of either two or three years' work, plus the period of time the lawsuit is pending. The effective date for deter-mining the two- or three-year look-back period is the date on which your Consent is filed with the Court. Therefore, if you wish to participate in the lawsuit, it is essential that you date, sign and mail the attached Consent Form to us as soon as possible. If you would like additional information about the case, I urge you to contact us immediately. You may do so by letter, by e-mail, or by telephoning our

SHAPIRO HABER & URMY LLP

January __, 2001
Page 3

toll-free number (800-287-8119).  If you do telephone us, you should direct your inquiry in the first instance to Lisa Palin, the paralegal working on this case.

    We believe that the case is a strong one and that there is an excellent likeli-hood of recovering substantial damages for all Coordinators who elect to participate in the case.  However, unless you file a Consent you will not receive any benefit from the lawsuit.  Therefore, we urge you to sign and return the enclosed Consent Form or contact us as soon as possible if you wish to be eligible to share in the damages which we hope to recover.

                                        Very truly yours,


                                        Thomas V. Urmy, Jr.


TVU:lg

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT KANE, Individually and<br>On Behalf of All Other Persons<br>Similarly Situated, | ) ) ) ) ) | |
| Plaintiff, | ) | C.A. No. 00-40185-NMG |
| v. | ) ) | |
| GAGE MERCHANDISING SERVICES,<br>INC, AHL SERVICES, INC., and<br>ARGENBRIGHT, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

Pursuant to 29 U.S.C. §216(b), I consent to become a party plaintiff in this case.

Dated: January __, 2001

_____





# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Theodore M. Hess-Mahan
Christine E. Morin
Todd S. Heyman

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
turmy@shulaw.com

December 1, 2000

Emily Chi Fogler, Esq.
Ropes & Gray
One International Place
Boston, MA  02110

Re: *Kane v. Gage Merchandising Services, et al.*

Dear Ms. Fogler:

I assume that we will shortly be in contact regarding the automatic disclosure required by our Local Rules and the Federal Rules of Civil Procedure. The purpose of the letter is to make clear that we will expect the defendants to provide to us as part of their disclosure the names and last known addresses of the present and former employees of the defendants identified in paragraph 3 of the Complaint. Plaintiff is entitled to that information pursuant to the decisions in *Hofman-LaRoche v. Sperling, 493 U.S. 165 (1989), Severtson v. Phillips Beverage Company, 137 F.R.D.264 (D. Minn. 1991), Reeves v. Alliant Techsystems, Inc. (D. R.I. 1999)* and other cases.

Once we receive that information, we will be able to provide prompt notice to all persons whom the plaintiff seeks to represent in this action of the pendency and nature of the case, so that they will have an opportunity to file their consents that the action may be prosecuted on their behalf pursuant to 29 U.S.C 216(b).

It is not clear from the defendants' answer whether they are contending that even if the plaintiff or the class should establish liability, they would have no responsibility for any overtime wages which might be deemed owed on account of the period before April 30, 1999, when they apparently acquired assets of PIMMS. If they contend, for example, that legal responsibility for any such liability would lie with the prior owners of PIMMS, I would appreciate it if you would so advise me now, providing the names of any parties whom they contend could be liable, so that we can amend our complaint to name all

SHAPIRO HABER & URMY LLP

potentially responsible parties and avoid the delay and inconvenience to all parties and the Court which could result if that amendment is delayed until we have obtained such information through formal discovery.

Sincerely,

S/

Thomas V. Urmy, Jr.


cc:    William A. Clineburg, Jr. Esq.
       Matthew A. Boyd, Esq.



3

# SHAPIRO HABER & URMY LLP

### Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Theodore M. Hess-Mahan
Christine E. Morin
Todd S. Heyman

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
turmy@shulaw.com

December 13, 2000

**VIA FAX**: 951-7050

Emily Chi Fogler, Esq.
Ropes & Gray
One International Place
Boston, Massachusetts 02110

      Re:   <u>Kane v. Gage Merchandising Services, et al.</u>

Dear Ms. Fogler:

      Now that we have received the defendants' Answer, I would like to schedule the conference required by Fed. R. Civ. P. 26(f) and Local Rule 16.1(b) of the Rules of the United States District Court for the District of Massachusetts.

      I propose that the conference be held either Thursday, December 21, or December 27, 28 or 29, or any day from January 2 through January 5, inclusive.

      I will look to hear back from you at your early convenience.

                   Sincerely,

                   Thomas V. Urmy, Jr.

TVU:lg

cc:    William A. Clineburg, Jr., Esq.
       Matthew A. Boyd, Esq.

4

# KING & SPALDING

191 PEACHTREE STREET
ATLANTA, GEORGIA 30303-1763
TELEPHONE: 404/572-4600
FACSIMILE: 404/572-5100

DIRECT DIAL:                    EMAIL:                    DIRECT FAX

404/572-4701              bclineburg@kslaw.com              404/572-5144

January 5, 2001

**VIA FACSIMILE & U.S. MAIL**

Mr. Thomas V. Urmy, Jr.
Shapiro, Haber & Urmy LLP
75 State Street
Boston MA  02109

     Re:   <u>Kane v. AHL Services, et al.</u>

Dear Mr. Urmy:

     Please find enclosed a letter from your office, addressed to Mr. James Loughran, that we believe was inadvertently sent to us.  If there was a different letter you intended to send to us, we shall look forward to receiving it.

     Responding to your letters of December 1 and December 13, despite giving this matter our diligent attention, we have not yet completed our investigation of the facts and therefore are not yet prepared to conduct a Rule 26(f) conference as you propose.  Our understanding of the revised Federal Rules and applicable Local Rules is that this conference must be conducted at least twenty-one (21) days before the Rule 16 scheduling conference with the Judge.  It is our understanding the scheduling conference has not been set, and therefore there is no deadline as of yet for the Rule 26(f) meeting.  Regardless, once we have completed our investigation, we will contact you to schedule a conference.

     Addressing your prior inquiry to local counsel, the plaintiff's actual employer is Argenbright, Inc.; Gage Merchandising, Inc. is a division of Argenbright, Inc., not a separate corporation.  AHL Services, Inc. is the parent corporation of Argenbright, Inc., has no relation to this case, and should be dismissed from this matter.

     In your December 1 letter, you asked whether we would take the position that Argenbright, Inc. is not responsible in any event for acts or omissions which occurred prior to April 30, 1999, the date on which Argenbright, Inc. acquired PIMMS.  Our prior understanding was that Argenbright, Inc. purchased only certain assets of PIMMS, and therefore could not be held liable for any act or omission occurring prior to the sale.  Further investigation has revealed,

1700 PENNSYLVANIA AVENUE, N.W.     1185 AVENUE OF THE AMERICAS     1100 LOUISIANA STREET, SUITE 3000
WASHINGTON, DC 20006-4706     NEW YORK, NY 10036-4003     HOUSTON, TX 77002-5219
TELEPHONE: 202/737-0500     TELEPHONE: 212/556-2100     TELEPHONE: 713/751-3200
FACSIMILE: 202/626-3737     FACSIMILE: 212/556-2222     FACSIMILE: 713/751-3290

Mr. Thomas V. Urmy, Jr.
January 5, 2001
Page 2

however, that Argenbright, Inc. purchased the stock of PIMMS; consequently we do not intend to take the position that Argenbright, Inc. could be liable, if at all, for only post-sale events.

On another matter, it has come to our attention that your client, Mr. Kane, has been soliciting consents among other Argenbright employees by distributing e-mails by or through the company e-mail system. The text of your client's e-mail is attached. This conduct not only violates company policy, but may be prohibited by Model Rule of Professional Conduct 4.2 governing ex-parte contact of opposing parties in litigation. Even in jurisdictions allowing notice to potential class members, the notice is carefully controlled by the court. Our view is your client's solicitations should cease immediately, and your client should not respond to any inquiries regarding the e-mail messages he has already sent. If notice is required in this case (an issue that has yet to be addressed), it is our understanding it will be conducted with the oversight of the court. Please let us know the basis on which you authorized you client to solicit consents.

Very truly yours,

William A. Clineburg, Jr.

Enclosures

cc:    Emily Chi Fogler
       Robert Gordon
       Matthew A. Boyd

STRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2001 JAN 16  P 1: 19

```
                                          )
ROBERT KANE, Individually and On          )
Behalf of All Other Persons               )        FILED
Similarly Situated,                       )     CLERK'S OFFICE
                                          )
                    Plaintiff,            )    C. A. No.00-40185
                                          )
        v.                                )
                                          )
GAGE MERCHANDISING SERVICES, INC., )
AHL SERVICES, INC., and                   )
ARGENBRIGHT, INC.,                        )
                                          )
                    Defendants.           )
                                          )
```

## AFFIDAVIT OF ROBERT KANE IN
## SUPPORT OF EMERGENCY MOTION TO COMPEL

Robert Kane hereby states under pains and penalties of perjury:

1.    I am a resident of Auburn, Massachusetts. Between March of 1991 and December of 1999, I was employed as a Coordinator by Professional Inventory Management and Merchandising Systems ("PIMMS"). Since December of 1999, when the stock of PIMMS was acquired by defendant Argenbright, Inc. ("Argenbright") and PIMMS was re-named Gage Merchandising Services Inc. ("Gage"), I have been employed as a Coordinator by Gage and Argenbright.

2.    My duties as a Coordinator are to supervise a team of other employees in the implementation of merchandising layout plans, commonly referred to as "plan-o-grams," for

the defendants' corporate clients. I am frequently required to travel substantial distances in my personal vehicle to perform my job duties. I am also frequently required to spend nights away from home while performing my job duties.

3.    I am not a salaried employee. I am paid by the hour for the services I render to the defendants. I frequently work in excess of forty hours per week. I have never been paid one and one-half times my hourly rate for hours I have worked in excess of forty in any workweek.

4.    Based on my long work experience as a Coordinator for the defendants and my conversations with other employees of the defendants, I understand and believe that all Coordinators employed by the defendant since October 17, 1997 have essentially the same job responsibilities and are paid in the same manner as myself. I believe there may be over 100 persons who have been employed by the defendants as Coordinators since October 17, 1997, all of whom were governed by the same standard employment procedures and practices that governed my employment.

5.    I do not have access to a list of the names and addresses of the other persons employed as Coordinators by defendants since October 17, 1997. After this suit was filed, pursuant to my counsel's request that I gather the names and addresses of as many Coordinators as possible so that counsel would be in a position to notify them of this lawsuit at the appropriate time, I did attempt to obtain the mailing addresses of some persons employed by the defendants as Coordinators since October 17, 1997 by sending an e-mail to

2

various employees whom I believe currently to be employed by defendants as Coordinators, in which I requested that they provide me with their current addresses.

Signed under penalties of perjury this 11th day of January, 2001.

Robert Kane

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE
DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD
FOR EACH OTHER PARTY BY MAIL/HAND/FAX ON 1/12/01

3

... COURT
... OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2001 JAN 16 P 1: 19

```
                                    )
ROBERT KANE, Individually and On    )
Behalf of All Other Persons         )        FILED
Similarly Situated,                 )     IN CLERK'S OFFICE
                                    )
                    Plaintiff,      )    C. A. No.00-40185
                                    )
            v.                      )
                                    )
GAGE MERCHANDISING SERVICES, INC.,  )
AHL SERVICES, INC., and             )
ARGENBRIGHT, INC.,                  )
                                    )
                    Defendants.     )
                                    )
```

## CERTIFICATION OF PLAINTIFF'S COUNSEL

Thomas V. Urmy, Jr., attorney of record for plaintiff in this matter, makes this certification pursuant to Local Rule 7.1(A)(2).

1.    On December 1 and December 13, 2000, I wrote letters to counsel for the defendants requesting that they produce the names and last known addresses of all members of the Class on behalf of whom this action is brought so that plaintiff would be able to provide notice of the pendency of the action to such Class members pursuant to 29 U.S.C. 216(b). By letter dated January 5, 2001 counsel for the defendants advised me that no notice should be given to the Class members unless pursuant to the oversight of the Court.

2.    On January 12, 2001 I conferred on the telephone with William A. Clineburg, Jr. and

Matthew A. Boyd of the firm King & Spaulding in Atlanta, Georgia, counsel for the

defendants, in an attempt to resolve the questions presented by the plaintiff's motion

seeking an order requiring production of the names and addresses of the class

members and authorizing that notice be given to them.  We were unable to resolve

those issues.

Thomas V. Urmy, Jr.

Dated: January 12, 2001

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE
DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD
FOR EACH OTHER PARTY BY MAIL-HAND-FAX ON 1/12/01